UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JI LIN,                                                                : 20-CV-5913 (ARR) (SJB)
                                                                       :
                    *Plaintiff*,                                       :
                                                                       :
        -against-                                                      :
                                                                       : **OPINION & ORDER**
ALEJANDRO MAYORKAS, Secretary, U.S. Department                         :
of Homeland Security, et al.,                                          :
                                                                       :
                    *Defendants*.                                      X
-----------------------------------------------------------------------

ROSS, United States District Judge:

Plaintiff, Ji Lin, challenges four decisions by U.S. Citizenship and Immigration Services ("USCIS") relating to his petition for U nonimmigrant status under the Administrative Procedure Act ("APA"). Compl., ECF No. 1. The government moves to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Gov't's Mot. Dismiss, ECF No. 14. For the following reasons, I grant the government's motion as to plaintiff's claims concerning: (1) the October 9, 2019 decision on plaintiff's Form I-192; (2) the February 12, 2020 decision on plaintiff's first Form I-290B motion to reconsider; and (3) the July 16, 2020 decision on plaintiff's second Form I-290B motion to reconsider. I deny the government's motion as to plaintiff's claim challenging the October 9, 2019 decision on plaintiff's Form I-918, but I dismiss this claim *sua sponte* for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL BACKGROUND**

"U nonimmigrant status, otherwise referred to as a 'U visa,' is a temporary legal status set aside for victims of certain crimes who have suffered mental or physical abuse and provide assistance to investigations or prosecution of criminal activity." *Morris v. Nielsen*, 374 F. Supp.

1

3d 239, 244 (E.D.N.Y. 2019) (citation and quotation marks omitted); *see* 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p); 8 C.F.R. § 214.14(b). To petition for U nonimmigrant status, applicants must submit a Form I-918 to USCIS. 8 C.F.R. § 214.14(c)(1).

Even if applicants otherwise meet the criteria for U-visa eligibility, they cannot obtain U nonimmigrant status if they are "inadmissible" to the United States. 8 U.S.C. § 1182(a). To overcome this hurdle, they may apply for advance permission to enter as a nonimmigrant under 8 U.S.C. § 1182(d)(3)(A) or for waiver of inadmissibility under 8 U.S.C. § 1182(d)(14). Applying for both benefits requires submitting a Form I-192 to USCIS. 8 C.F.R. § 214.14(c)(2)(iv). Pursuant to § 1182(d)(3)(A), the government, in its "discretion," may allow otherwise inadmissible noncitizens to enter the United States temporarily to apply for nonimmigrant visas. Pursuant to § 1182(d)(14), "[t]he Secretary of Homeland Security, in [his] discretion, may waive" inadmissibility "if the Secretary of Homeland Security considers it to be in the public or national interest to do so."

If USCIS denies their I-918 or I-192 petitions, applicants may seek to reopen or reconsider those decisions by filing a Form I-290B. 8 C.F.R. § 103.5(a)(1)(i), (iii).

## FACTUAL BACKGROUND

Plaintiff, Ji Lin, is a noncitizen residing in Brooklyn, New York. Compl. ¶ 6. Having been the victim of three robberies as a restaurant deliveryman, plaintiff filed a petition for U nonimmigrant status on July 8, 2014. *Id.* ¶¶ 19, 21. His petition included both a Form I-918 and a Form I-192. *Id.* ¶ 2.

On October 9, 2019, USCIS issued two decisions on plaintiff's petition. Compl. Ex. A, ECF No. 1-5. The first denied plaintiff's Form I-192 ("I-192 Decision"). *Id.* at 5–10. Applying the standard in *Matter of Hranka*, 16 I. & N. Dec. 491 (BIA 1978), the agency declined to exercise its

2

discretion to grant advance permission to enter as a nonimmigrant under § 1182(d)(3)(A). *Id.* at 7–9. It then determined that plaintiff had not provided "sufficient evidence to establish that granting a waiver would be in the national or public interest" and declined to exercise its discretion to waive plaintiff's grounds of inadmissibility under § 1182(d)(14). *Id.* at 9. The second decision denied plaintiff's Form I-918 ("I-918 Decision"). *Id.* at 2–4. There, the agency noted that applicants who are inadmissible may not obtain U nonimmigrant status unless their grounds for inadmissibility are waived. *Id.* at 2. Because USCIS declined to waive the grounds of plaintiff's inadmissibility in denying his I-192, the agency concluded that it could not grant plaintiff U nonimmigrant status. *Id.* at 3.

Plaintiff then filed an I-290B seeking to reopen and reconsider these denials. Compl. ¶ 31. USCIS decided the first I-290B on February 12, 2020 ("First I-290B Decision"). Compl. Ex. B at 19–21, ECF No. 1-5. Because "the I-918 Petition was denied due to the denial of the I-192 Application," the agency's decision only discussed the merits of the I-192 application. *Id.* at 19. The agency found that plaintiff satisfied the criteria to reopen his previous denials. *Id.* But after considering new evidence, it determined that plaintiff's history of interactions with immigration authorities "is of great concern to USCIS if [plaintiff were] allowed to remain in the United States and is not favorable for the grant of a waiver[.]" *Id.* at 20. Accordingly, it affirmed the I-192 Decision. *Id.*

Plaintiff then filed a second I-290B, moving to reopen the October 9, 2019 decisions denying his I-918 and I-192. Compl. ¶ 34. USCIS decided the second I-290B on July 16, 2020 ("Second I-290B Decision"). Compl. Ex. C at 31–34, ECF No. 1-5. This decision similarly discussed only plaintiff's I-192 application. *Id.* at 31. The agency again found that plaintiff satisfied the criteria to reopen his previous denials. *Id.* But after considering new arguments and

3

evidence, the agency reached the same conclusion that plaintiff's "reasons for wishing to remain in the United States [did not] outweigh or overcome [his] negative behaviors since entering the United States." *Id.* at 33. It then reaffirmed the I-192 Decision. *Id.*

Plaintiff filed the instant lawsuit on December 4, 2020, seeking APA arbitrary-and-capricious review of the I-192 Decision, the I-918 Decision, the First I-290B Decision, and the Second I-290B Decision. Compl. ¶¶ 2–4.

The government moved to dismiss all claims for lack of subject matter jurisdiction on March 8, 2021. Gov't's Mot. Plaintiff served his opposition on March 18, 2021, Pl.'s Opp'n, ECF No. 15, and the government served its reply on March 29, 2021, Gov't's Reply, ECF No. 16.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a complaint under Rule 12(b)(1), I must "accept[] as true all material [factual] allegations of the complaint" and "draw[] all reasonable inferences in favor of the plaintiff," but I also may consider evidence outside the pleadings submitted by either party. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016) (citations omitted). "[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).

## DISCUSSION

The government claims I lack subject matter jurisdiction over all four challenged agency decisions because they are discretionary decisions insulated from judicial review under the APA and the Immigration and Nationality Act ("INA"). Gov't's Mot. 4–9. The APA authorizes judicial

4

review of final agency action unless "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a), 702, 704. The INA prohibits judicial review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii).

I. **The I-192 Decision**

The INA explicitly provides that decisions regarding advance permission to enter as a nonimmigrant under 8 U.S.C. § 1182(d)(3) and waivers of inadmissibility under 8 U.S.C. § 1182(d)(14) lie within the "discretion" of the Attorney General and the Secretary of Homeland Security. Section 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to review decisions "specified" in the INA "to be in the discretion of the Attorney General or the Secretary of Homeland Security." *See Kucana v. Holder*, 558 U.S. 233, 244 (2010). Because plaintiff's I-192 application sought advance permission to enter as a nonimmigrant under § 1182(d)(3)(A) and waiver of inadmissibility under § 1182(d)(14), Compl. Ex. A at 7–9, § 1252(a)(2)(B)(ii) precludes APA review of the I-192 Decision, *see* 5 U.S.C. § 701(a); *see also Saloum v. USCIS*, 437 F.3d 238, 242 (2d Cir. 2006) (holding § 1252(a)(2)(B)(ii) strips federal-court jurisdiction of challenges to agency decisions on waivers of inadmissibility under 8 U.S.C. § 1182(d)(11) because the statute provides that they are discretionary).

Nevertheless, plaintiff claims § 1252(a)(2)(B)(ii) does not apply to the I-192 Decision because USCIS's authority to decide requests for advance permission to enter as a nonimmigrant under § 1182(d)(3)(A)[1] is not purely discretionary. Pl.'s Opp'n 7–8. Rather, plaintiff argues the

---

[1] Plaintiff does not address § 1182(d)(14).

Board of Immigration Appeals' decision in *Matter of Hranka*, 16 I. & N. Dec. 491 (BIA 1978), which established a standard for § 1182(d)(3)(A) determinations, constrains the agency's discretion. *Id*. In making this argument, plaintiff invokes the Ninth Circuit's decision in *Perez Perez v. Wolf*, 943 F.3d 853 (9th Cir. 2019). There, the court relied on previous Ninth Circuit authority holding that § 1252(a)(2)(B)(ii) only applies when two conditions are met: (1) "the language of the statute in question must provide the discretionary authority"; and (2) "the statute must provide pure discretion, rather than discretion guided by legal standards." *Id.* at 866 (citation and quotation marks omitted). It then concluded that § 1252(a)(2)(B)(ii) did not preclude judicial review of I-918 denials. *Id.* at 867–68. But the court clarified that for § 1252(a)(2)(B)(ii) not to apply to an immigration decision, the "legal standards" constraining the government's discretion must be "statutory standards." *Id.* at 866–67. *Matter of Hranka* does not establish "statutory standards" because it is merely an agency decision. Thus, *Perez Perez* does not undermine my reasoning.

Accordingly, I dismiss plaintiff's APA claim challenging the I-192 Decision for lack of subject matter jurisdiction.

**II.     The First and Second I-290B Decisions**

When a jurisdictional provision applies to the underlying determination on an immigration petition, it "necessarily also applies to related motions to reconsider and reopen." *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005). In line with this reasoning, the Seventh Circuit has found that it lacks jurisdiction to review the merits of an I-290B motion to reconsider when it lacks jurisdiction over the underlying I-192 decision. *Torres-Tristan v. Holder*, 656 F.3d 653, 663 (7th Cir. 2011).

Here, the First and Second I-290B Decisions reviewed only the I-192 Decision. Compl.

6

Ex. B at 19; Compl. Ex. C at 31. Applying the reasoning in *Sepulveda* and *Torres-Tristan*, I conclude that I lack jurisdiction over the First and Second I-290B Decisions because I lack jurisdiction over the I-192 Decision.[2] Accordingly, I dismiss plaintiff's claims challenging the First and Second I-290B Decisions for lack of subject matter jurisdiction.

## III. The I-918 Decision

USCIS adjudicates I-918 petitions based on the eligibility criteria set out in 8 U.S.C. § 1101(a)(15)(U) and § 1184(p). These provisions "do not specify that the authority to grant or deny a U visa petition is in the discretion of the Secretary of Homeland Security." *Perez Perez*, 943 F.3d at 867 (quotation marks omitted). Therefore, § 1252(a)(2)(B)(ii) does not preclude judicial review of such decisions, and I have jurisdiction to review the I-918 Decision in this case. *See id.*; *see also, e.g.*, *Morris*, 374 F. Supp. 3d at 248–56 (reviewing USCIS denial of I-918 under the APA).

However, I dismiss plaintiff's claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6). "[D]istrict courts may dismiss a frivolous complaint *sua sponte*." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). A claim is "frivolous" if it "has no arguable basis in law or fact." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (citation omitted); *see also Ahmed v. Ocasio-Cortez*, No. 19-CV-5582 (EK) (JO), 2020 WL 4548077, at *1 (E.D.N.Y. Aug. 6, 2020), *recons. denied*, 2020 WL 5502360 (E.D.N.Y. Sept. 11, 2020). Here, because USCIS denied plaintiff's I-192 and plaintiff was inadmissible, the agency was statutorily

---

[2] *Singh v. Mukasey*, 536 F.3d 149, 153 (2d Cir. 2008), is not to the contrary. There, the Second Circuit held that it had jurisdiction over the agency's decision not to reopen a hardship waiver application even though it lacked jurisdiction over the underlying decision. *Id.* at 154. However, the court emphasized that it had jurisdiction to review only the agency's decision not to reopen, not the merits of the underlying waiver request. *Id.* at 153. Here, USCIS granted plaintiff's motions to reopen insofar as it reconsidered the I-192 Decision. Compl. Ex. B at 19; Compl. Ex. C at 31. Plaintiff only challenges USCIS's affirmance of the I-192 Decision on the merits, so *Singh* does not apply.

7

required to deny plaintiff's I-918. *See* 8 U.S.C. § 1182(a). I already have determined that I lack jurisdiction over the I-192 Decision so I must accept the outcome of that decision in reviewing the I-918 Decision. Therefore, there is "no arguable basis in law or fact" that the I-918 Decision was arbitrary and capricious, and I dismiss plaintiff's claim challenging the I-918 Decision *sua sponte* for failure to state a claim.

## CONCLUSION

For the foregoing reasons, I dismiss plaintiff's claims challenging the I-192 Decision and the First and Second I-290B Decisions for lack of subject matter jurisdiction. Additionally, I dismiss plaintiff's claim challenging the I-918 Decision *sua sponte* for failure to state a claim. The Clerk of Court is directed to issue judgment accordingly and close the case.

SO ORDERED.

                                                               /s/
                                       Allyne R. Ross
                                       United States District Judge

Dated:       May 6, 2021
               Brooklyn, New York